UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC, a Washington limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSA MOHEBI MD INC. a California corporation,<br><br>        Defendant. | CASE NO. 2:24-cv-1008<br><br>ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT |

## 1.  INTRODUCTION

This matter comes before the Court on Defendant Parsa Mohebi M.D. Inc.'s ("PMI") motion to vacate default judgment. Dkt. No. 22. PMI contends that the judgment is void under Federal Rule of Civil Procedure 60(b)(4) for insufficient service of process and for lack of personal jurisdiction, and in the alternative, that it is entitled to relief under Rule 60(b)(1) for excusable neglect.

On July 9, 2024, Plaintiff Advanced Hair Restoration LLC ("Advanced Hair") filed a complaint against PMI asserting federal trademark infringement and counterfeiting claims and related state consumer protection claims. Dkt. No. 1. On

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 1

September 5, 2024, Advanced Hair, via a process server, left the summons and complaint with PMI's receptionist Melisa Torres, at PMI's office in Woodland Hills, California. Dkt. No. 7. PMI did not appear, answer, or otherwise respond to the Complaint. On January 16, 2025, the Clerk of the Court entered default. Dkt. Nos. 9, 10. And on August 6, 2025, the Honorable Marsha J. Pechman entered default judgment and a permanent injunction. Dkt. No. 19. PMI now moves to vacate the judgment.

PMI represents that it first learned of this action on October 26, 2025—after judgment—and it moved to vacate less than a month later. The motion is therefore timely. *See* Fed. R. Civ. P. 60(c)(1). For the reasons below, the Court concludes that Advanced Hair did not properly serve PMI. The default judgment is void, and PMI's motion is GRANTED.

## 2. LEGAL STANDARD

A district court may set aside a default judgment under Federal Rule of Civil Procedure 60(b). *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1164–65 (9th Cir. 2007). A default judgment is void and "must" be set aside under Rule 60(b)(4), if the court that entered it lacked jurisdiction over the parties because of defective service. *Id.* at 1165 (when a default judgment is void for lack of service of process, the district court is "without its normal discretion" and must set the judgment aside); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (a default judgment is void where a plaintiff "failed to serve [defendant] properly"); *Veeck v. Commodity Enter., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973) (a default judgment is void for lack of personal jurisdiction over a defendant). Courts

may also set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P 60(b)(1).

Default judgments are disfavored, and when a defendant timely seeks relief from judgment and has a meritorious defense, any doubt is resolved in favor of vacating the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Except in "extreme circumstances," a case should be decided on the merits rather than by default. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Courts have broad discretion in vacating an entry of default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

## 3. DISCUSSION

When a defendant challenges the validity of service, the plaintiff ordinarily bears the burden of establishing that service was proper. *See Internet Solutions*, 509 F.3d at 1165 (recognizing that "the plaintiff generally has the burden to establish jurisdiction"). A signed return of service is prima facie evidence of valid service that may be overcome only by strong and convincing evidence. *Id.* at 1166. That burden shifts, however, to a defendant who had actual notice of the original proceeding but waited until after entry of default judgment to challenge service; such a defendant must prove that service did not occur. *Id.* at 1165–66.

Here, the record does not show that PMI had actual notice of this action before judgment. Dr. Mohebi, PMI's sole principal and registered agent, declares that he first learned of the suit by word of mouth from a colleague at a conference on October 26, 2025—after the default judgment was entered. Dkt. No. 24 ¶ 6. Advanced Hair contends that PMI "does not deny" learning of the action through

service, Dkt. No. 26 at 8–9, but the declaration it cites says the opposite. *See id.* (citing Dkt. No. 24 ¶¶ 5–6). Advanced Hair thus retains the burden to establish valid service. In any event, the defects here appear on the face of the return and render service insufficient, regardless of which party carries the burden. Because those defects are legal rather than factual, no evidentiary hearing is required to resolve them.

A corporation may be served under Federal Rule of Civil Procedure 4(h)(1), which permits service either by a method authorized under state law, Fed. R. Civ. P. 4(e)(1), or by delivering process to an officer or authorized agent, Fed. R. Civ. P. 4(h)(1)(B). Advanced Hair contends that leaving the papers with Torres satisfied California Code of Civil Procedure sections 416.10(b), 415.20(a), and 415.40, as well as Rule 4(h)(1)(B). The Court considers each method in turn—none was satisfied here.

### 3.1    Service was insufficient under California Code of Civil Procedure Section 416.10(b).

Under California Code of Civil Procedure Section 416.10(b), a corporation may be served by delivering process to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, *or a person authorized by the corporation to receive service of process.*" Cal. Civ. Proc. Code § 416.10(b) (emphasis added). PMI's designated agent is Dr. Mohebi, its sole principal, owner, and registered agent; he was not served. Dkt. No. 24 ¶¶ 2,

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 4

5. Advanced Hair responds that Torres had implied authority to accept service as PMI's receptionist. Dkt. No. 26 at 9.

Whether service may be made on a corporate employee with implied authority is a fact-specific question that turns on whether the employee is "so integrated with the organization that [they] will know what to do with the papers," such that it is "fair, reasonable and just to imply the authority on [their] part to receive service.'" *Direct Mail Specialists, Inc.* v. *Eclat Computerized Technologies, Inc.* 840 F.2d 685, 688 (9th Cir. 1988). In *Direct Mail,* service on a receptionist was sufficient because she played a substantial role in a small office, was the only employee present, and the defendant actually received the process. *Id.* at 688–89. In *Direct Mail,* the Ninth Circuit upheld service on a receptionist where the company was small, the receptionist was the only employee present at the time of service, and evidence showed that the appropriate individual within the company received the documents shortly thereafter. *Id.* The court emphasized that the receptionist's role in the company was significant enough to imply authority to accept service, and the company had actual notice of the lawsuit. *Id.*

None of those facts are present here. Torres does not report directly to Dr. Mohebi, Dkt. No. 24 ¶ 10, and she is one of 10 to 12 employees at the Woodland Hills office, *Id.* ¶ 9. Dr. Mohebi was on site at the time of service, yet was not served. *Id.* ¶ 11. And there is no evidence that process reached Dr. Mohebi or anyone else before judgment. *See* Dkt. No. 24. *See Elohim EPF USA, Inc. v. Pondanet, Inc.,* No. 819CV00349SVWKES, 2019 WL 6448962, *4–5 (C.D. Cal. July 24, 2019) (service on receptionist was insufficient where she was "merely a clerical

employee," even if the only person present); *DH Holdings, LLC v. Meridian Link, Inc.*, No. CV 09–9117 ABC, 2010 WL 11597616, at *4 (C.D. Cal. Apr. 9, 2010) (service insufficient under *Direct Mail* because receptionist who signed for the certified mail had no authority beyond her position as receptionist). Torres's receipt of service on behalf of PMI in another case under California's substitute service law, *August Image, LLC, v. Parsa Mohebi, M.D., Inc.* ("August Image"), does not render service sufficient here. Dkt. No. 26 at 10; Dkt. No. 30 at 6.

Accordingly, Advanced Hair has not shown that Torres was authorized to receive service under Section 416.10(b).

### 3.2    Service was insufficient under California Code of Civil Procedure Section 415.20(a).

Advanced Hair next invokes California's substitute-service statute, relying on Section 415.20. But that section governs substitute service on *individuals*; substitute service on *corporations* is governed by Section 415.20(a). Under Section 415.20(a), "[i]n lieu of personal delivery," substitute service may be effected "by leaving a copy of the summons and complaint during usual office hours in [the party's] office ... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a). Plaintiffs can "rely on substitute service of an entity without any attempt at personal service." *Gimenez v. Gunnar Optiks, LLC,* No. 23-CV-0671-AGS-VET, 2024 WL 166003, * 2 (S.D. Cal. Jan. 16, 2024) (collecting cases). There is no dispute that the process server left the

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 6

papers at PMI's office during business hours. Dkt. No. 7. But substitute service nonetheless fails, for two reasons.

First, Advanced Hair has not shown Torres was "the person who is apparently in charge[.]" Section 415.20(a). "For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, [s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." *Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks and citations omitted). A *receptionist* may qualify, *Vasic v. Pat. Health, L.L.C.*, No. 13CV849 AJB (MDD), 2013 WL 12076475, at *3 (S.D. Cal. Nov. 26, 2013), but apart from her title, the record contains no facts establishing that Torres was a person "apparently in charge" or with significant authority at the time service was effectuated. *See generally* Dkt. Nos. 7; 24; 32-1.

The proof of service states only that Torres is "designated by law to accept service of process on [PMI]," Dkt. No. 7, but that is a legal conclusion unsupported by any facts, *see id.* Advanced Hair's supporting declaration from Gina Kazakian, a co-founder of the process-serving company, relying on the company's "internal records" because the server himself is no longer employed there, states only that Torres "flipped through" the papers. Dkt. No. 32-1. ¶¶ 3, 5–8. That showing does not establish that Torres was apparently in charge or that she understood the significance of what she received. *See Gilbert v. Shahi Assocs., Inc.*, No. 1:21-cv-01375-DAD-SAB, 2022 WL 1557162, at *6 (E.D. Cal. May 17, 2022); *Bouyer v. 603*

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 7

*San Fernando Rd., LLC*, No. CV203853MWFPVCX, 2020 WL 7711840, at * 2 (C.D. Cal. Nov. 2, 2020); *EDJX, Inc. v. 6x7 Networks, LLC*, No. 21-cv-02398-SK, 2021 WL 4262290, at *2 (N.D. Cal. Sept. 20, 2021). That Torres accepted service for PMI in an earlier case, *August Image*, Dkt. No. 26 at 10, does not change the analysis; an employee's acceptance of process on one occasion does not establish ongoing authority to receive service.

PMI separately contends that substitute service failed because section 415.20(a) requires mailing "thereafter"—after the papers are left—yet Advanced Hair's only mailing came on July 11, 2024, about two months before the September 5 delivery. Dkt. No. 30 at 6; Dkt. No. 27 ¶ 2. Advanced Hair counters that a pre-service mailing is not fatal, citing *Dean v. Edison*, No. CV ED 12-01435-MWF (DTBx), 2013 WL 12139830 (C.D. Cal. Dec. 3, 2013). True, *Dean* did uphold service despite a similar two-month gap, but it never analyzed section 415.20(a)'s mailing sequence; instead, it applied the federal corporate-agent standard of Rule 4(h)(1)(B) and *Direct Mail*, resting on the defendant's actual notice and "substantial compliance with Rule 4." *Id*. at *2–3. Neither is present here. The Court thus need not decide whether the timing of the mailing alone would defeat substitute service, because service fails for the independent reason that follows.

Second, even assuming Torres was "apparently in charge," California law imposes additional duties on process servers attempting substitute service which Advanced Hair did not follow. Section 412.30 requires that, in an "action against a corporation," the summons that is served shall contain notice language specifically alerting the person served that they are being served on behalf of the corporation

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 8

under the relevant statute of the California Code of Civil Procedure. The statute also states that "[i]f such notice does not appear on the copy of the summons served, no default may be taken against such corporation…" *Id.* Section 417.10, in turn, requires that "if served under Section [] 415.20," the affidavit of the person making the service must show "that the notice required by Section 412.30 appeared on the copy of the summons served." Because the requirements of Section 412.30 were not met, neither were the requirements of Section 417.10. The return here does not show that the required corporate-capacity notice appeared on the summons served on Torres. Dkt. No. 7; *see Block v. Any Merced Inc.,* No. 121CV01251NONEEPG, 2022 WL 43695, at *2–3  (E.D. Cal. Jan. 5, 2022), report and recommendation adopted, No. 121CV01251JLTEPG, 2022 WL 198691 (E.D. Cal. Jan. 21, 2022) (denying plaintiff's motion for default judgment for failure to comply with Sections 412.30 and 417.10).

Accordingly, substitute service under Section 415.20(a) of PMI was insufficient.

### 3.3    Service was insufficient under California Code of Civil Procedure Section 415.40.

Advanced Hair argues that service of PMI was proper because California law provides that service of process is deemed complete ten days after mailing the summons and complaint under Section 415.40. By its terms, however, Section 415.40 applies to "serv[ice] on a person outside [the] state" and requires "sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." PMI was not served "outside

[California]"—service was attempted in Woodland Hills, California. Dkt. No. 7. And Advanced Hair's July 11, 2024, mailing was sent by U.S. mail with prepaid postage, Dkt. No. 27 ¶ 2, not with a "return receipt" as Section 415.40 requires. Dkt. No. 27. *Siliconindia, Inc. v. CIO Story LLC*, No. 15-CV-01516 NC, 2015 WL 13426204, at * 2 (N.D. Cal. May 29, 2015) (service incomplete under Section 415.40 where plaintiff did not include, and defendant did not return a written acknowledgment of receipt).

Accordingly, service under Section 415.40 was insufficient.

### 3.4    Service under Federal Rule of Civil Procedure 4(h)(1)(B).

Finally, Advanced Hair argues that service was sufficient under Federal Rule of Civil Procedure 4(h)(1)(B), which permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." This argument fails for the reasons already given—Advanced Hair has not shown that Torres was an authorized agent, and the return's conclusory statement that she was "designated by law" to accept service does not supply the missing facts. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, Nos. C–04–3955 SC (JCS), C–05–1605 SC, 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) (finding service upon an administrative assistant insufficient under Section 416.10 and Rule 4(h)(1)(B) because the plaintiff did not submit evidence showing that the assistant "was a person of sufficient authority within the tribe to accept service" and noting that "the process server did not explain what the papers were for.").

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 10

In sum, service of process was insufficient under Rule 4 and California law. A default judgment entered without proper service is void because "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). The default judgment is therefore void and must be set aside. *Internet Solutions*, 509 F.3d at 1165.

### 3.5    The Court need not reach PMI's remaining arguments.

A judgment void for insufficient service must be set aside without regard to the Court's discretion, so the motion is fully resolved on that ground. The Court thus does not reach PMI's remaining arguments that the judgment is also void for lack of personal jurisdiction, or that PMI is entitled to relief for excusable neglect under Rule 60(b)(1).

### 4.   CONCLUSION

Accordingly, the Court concludes that Advanced Hair failed to effect proper service of process on PMI under Federal Rule of Civil Procedure 4. The default judgment is therefore void as a matter of law under Fed. R. Civ. P. 60(b)(4) and PMI's motion to vacate default judgment is GRANTED. The Court DIRECTS the Clerk of the Court to re-open this matter.

Dated this 12th day of June, 2026.

_____
Jamal N. Whitehead
United States District Judge

ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT - 11